**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Montory Catrel CALDWELL,**
**Defendant–Appellant.**

**No. 07–30109.**

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 11, 2008.*

Filed Jan. 29, 2008.

David Reese Jennings, Esq., Office of the U.S. Attorney, Tacoma, WA, Helen J. Brunner, Esq., Bruce F. Miyake, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Judith M. Mandel, Esq., Tacoma, WA, for Defendant–Appellant.

Before: BEEZER, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Montory Catrel Caldwell appeals his conviction on eleven counts of bank robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Caldwell contends that the district court erred in denying his motion to suppress identifications stemming from assertedly impermissibly suggestive lineups and photo montages. We review de novo whether a pretrial identification procedure was impermissibly suggestive. *See United States v. Bowman,* 215 F.3d 951, 965 n. 9 (9th Cir.2000). We reject Caldwell's contention that the procedures used in his case were impermissibly suggestive. In general, "[m]ere variations in appearance among persons or photographs presented to a witness do not automatically invalidate a pretrial identification." *United States v. Robertson,* 606 F.2d 853, 857 (9th Cir.1979);

*see also United States v. Burdeau,* 168 F.3d 352, 357 (9th Cir.1999); *United States v. Carbajal,* 956 F.2d 924, 929 (9th Cir. 1992). The record supports the district court's holding that any variations in appearance were insignificant.

Caldwell further contends that simultaneous, non-double blind identification procedures are inherently suggestive, and that the district court therefore erred in failing to reject them. The social science research upon which he relies, however, does not persuade us that the procedure used in this case created a substantial likelihood of misidentification. *See United States v. Beck,* 418 F.3d 1008, 1012 n. 2 (9th Cir.2005). Therefore, there was no error in denying the motion to suppress.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.